**Delia N. DE LEON, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–76260.

United States Court of Appeals, Ninth Circuit.

Submitted June 5, 2007 *.

Filed June 7, 2007.

Delia N. De Leon, San Rafael, CA, pro se.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA,

David V. Bernal, Attorney, Jennifer Paisner, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: LEAVY, RYMER, and T.G. NELSON, Circuit Judges.

MEMORANDUM **

Delia N. De Leon, a native and citizen of Guatemala, petitions for review of an order of the Board of Immigration Appeals ("BIA") denying her motion to reopen removal proceedings. We have jurisdiction under 8 U.S.C. § 1252. Reviewing for abuse of discretion, *Singh v. INS,* 295 F.3d 1037, 1039 (9th Cir.2002), we deny the petition for review.

The BIA did not abuse its discretion by denying De Leon's motion to reopen because the BIA considered the evidence she submitted and acted within its broad discretion in determining that the evidence was insufficient to warrant reopening. *See id.* (The BIA's denial of a motion to reopen shall be reversed if it is "arbitrary, irrational, or contrary to law.").

To the extent De Leon contends the BIA failed to consider some or all of the evidence she submitted with the motion to reopen, she has not overcome the presumption that the BIA did review the record. *See Fernandez v. Gonzales,* 439 F.3d 592, 603 (9th Cir.2006).

We do not address De Leon's contentions regarding tolling because her failure

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

to establish hardship warranting reopening is dispositive.

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.